IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK BARRY, M.D., | § | |
| | § | |
| *Plaintiff/Judgment Creditor,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WELLS FARGO BANK, N.A., | § | _____ |
| | § | |
| *Garnishee,* | § | |
| | § | |
| v. | § | |
| | § | |
| MEDTRONIC, INC., | § | |
| | § | |
| *Defendant/Judgment Debtor.* | § | |

**APPLICATION FOR WRIT OF GARNISHMENT AGAINST
WELLS FARGO BANK, N.A., AS GARNISHEE**

In accordance with Rules 64 and 69 of the Federal Rules of Civil Procedure,

Texas Rules of Civil Procedure 657 through 679, Texas Civil Practices & Remedies

Code §§ 63.001-008, and Texas Finance Code §§ 59.001(2), 59.008, 201.12, and

201.103, Plaintiff and Judgment Creditor Mark Barry, M.D. ("Judgment Creditor")

respectfully files this Application for Writ of Garnishment against Wells Fargo

Bank, N.A., as Garnishee and shows the Court as follows:

**I.     PARTIES**

1.     Judgment Creditor is a citizen and resident of the state of Nevada.

2.    Defendant and Judgment Creditor, Medtronic, Inc. ("Judgment Debtor") is a corporation organized under the laws of the State of Minnesota and maintains its principal place of business in Tennessee.  Upon issuance and service of the writ upon the Garnishee, Judgment Debtor may be served with notice of the writ of garnishment through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX  75201-3136.

3.    Garnishee Wells Fargo Bank, N.A. ("Garnishee"), is national banking association that maintains its main office in South Dakota and is a citizen of South Dakota for purposes invoking this Court's diversity jurisdiction.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (holding that "a national bank, for § 1348  purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

4.    Garnishee may be served by having the United States Marshal deliver the writ to Garnishee's registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 211 E. 7th St, Suite 620, Austin, TX 78701-3218.

5.    Judgment Creditor believes that Garnishee is indebted to Judgment Debtor because one or more accounts at Garnishee were in the name of Judgment Debtor.

## II.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over a related pending lawsuit, Civil Action No. 1:14-cv-104, for patent infringement based on federal-question jurisdiction under 28 U.S.C.A. § 1331.  This Court also has jurisdiction over this garnishment pursuant to 28 U.S.C.A. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7.    Venue is proper in this Court under Tex. Civ. Prac. & Rem. Code Ann. § 63.005(b) because (1) Garnishee is a national banking association that is domiciled outside of Texas; and (2) this Court tried the original suit, which is still is pending, in which the underlying judgment was entered in favor of Judgment Creditor and against Judgment Debtor in the case styled:  *Mark Barry, M.D. v. Medtronic, Inc.*, Civil Action No. 1:14-cv-10.

8.    Venue is also proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(3).

## III.    ISSUANCE OF WRIT OF GARNISHMENT

9.    On May 16, 2017, this Court entered a judgment entered in favor of Judgment Creditor and against Judgment Debtor, as follows:

a.    $15,095,970.00 for infringement of the '358 Patent within the United States; plus

b.    $3,019,194.00, which represents a twenty percent (20%) enhancement on the damages awarded for infringement of the '358 Patent within the United States; plus

c.   $2,625,210.00 for infringement of the '121 Patent within the United States; plus

d.   $525,042.00, which represents a twenty percent (20%) enhancement on the damages awarded for infringement of the '121 Patent within the United States; plus

e.   Prejudgment interest in the amount of $2,357,849.00; plus

f.   Costs of court; and

g.   Pursuant to 28 U.S.C. § 1961, post-judgment interest at the rate of 1.07% per annum on damages awarded.

10.   The affidavit of D. Clay Holloway (the "Affidavit") in support of this application is attached hereto as Exhibit 1.  A true and correct copy of the Final Judgment is attached to the Affidavit as Exhibit A and incorporated by reference.

11.   On June 1, 2017, this Court entered an Order approving the supersedeas bond posted by Judgment Debtor's surety in the amount of $20 million.  A true and correct copy of the foregoing order is attached to the Affidavit as Exhibit B and is incorporated herein by reference.

12.   The Court's order approving the supersedeas bond provides that no proceedings to enforce the judgment shall be commenced "while any appeal is pending before the United States Court of Appeals for the Federal Circuit, and if applicable, while any petition for writ of certiorari or appeal is pending before the United States Supreme Court."

13.   The United States Court of Appeal for the Federal Circuit affirmed the judgment of this Court in Civil Action No. 1:14-cv-104 and issued the mandate in Case No. 2017-2463 on May 6, 2019.  A true and correct copy of the foregoing

mandate is attached to the Affidavit as Exhibit C and is incorporated herein by reference.

14.     On January 13, 2020, the United States Supreme Court denied Judgment Debtor's petition for Certiorari.  A true and correct copy of the foregoing denial is attached to the Affidavit as Exhibit D and is incorporated herein by reference.

15.     The Final Judgment is valid and subsisting and remains unsatisfied.

16.     Judgment Debtor does not possess, within Judgment Creditor's knowledge, any property within this District or within the state of Texas, subject to execution, that is sufficient to satisfy the judgment.

17.     This garnishment is not sought to injure or harass either the Judgment Debtor or the Garnishee.

18.     Judgment Creditor, again, has reason to believe, and does believe, that Garnishee is indebted to the Judgment Debtor by reason of one or more bank accounts, in the name of Judgment Creditor.

19.     Pursuant to Rule 64 of the Federal Rules of Civil Procedure, the remedies of the State of Texas are available for the seizure of property for the purpose of securing satisfaction of the judgment.

20.     Judgment Creditor is entitled to the issuance of a writ of garnishment on the grounds stated this petition.

21.    A proposed writ of garnishment, which incorporates the statutory notice to Judgment Debtor, is attached hereto as Exhibit 2.

## CONCLUSION

For the foregoing reasons, Judgment Creditor asks that a Writ of Garnishment issue and be served upon the Garnishee and that Judgment Creditor have judgment against Garnishee to satisfy the judgment against Judgment Debtor, as provided by law, together with all costs of court incurred in this proceeding, and such other and further relief to which Judgment Creditor may be entitled.

Dated: January 14, 2020.      KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ D. Clay Holloway
D. Clay Holloway
Georgia Bar No. 363296
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309-4528
cholloway@kilpatricktownsend.com
Tel: (404) 815-6500
Fax: (404) 815-6555

Dario A. Machleidt
Washington Bar No. 41860
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
dmachleidt@kilpatricktownsend.com
Tel: (206) 467-9600
Fax: (206) 623-6793

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Moreover, this document was served on all counsel to the underlying District Court litigation at Civ. No. 17-cv-70  by email on January 14, 2020.

/s/ D. Clay Holloway
D. Clay Holloway